Christopher R. Nolan
Marie E. Larsen
Clayton J. Vignocchi
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (212) 513-3200
Fax: (212) 385-9010
chris.nolan@hklaw.com
marie.larsen@hklaw.com
clayton.vignocchi@hklaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLDN COBELFRET PTE LTD,<br><br>        Petitioner,<br><br>  v.<br><br>TRIORIENT LLC<br><br>        Respondent. | Civil Action No. 20 Civ. \_\_\_\_\_<br><br>**VERIFIED PETITION TO**<br>**CONFIRM ARBITRATION AWARDS** |

Petitioner, CLDN Cobelfret Pte Ltd., ("Petitioner" or "Cobelfret"), by and through its attorneys, Holland & Knight, LLP, respectfully alleges as follows:

1. This Court has subject matter jurisdiction pursuant to the Federal Arbitration Act, 9 U.S.C. § 201 *et seq.*, specifically, 9 U.S.C. § 203.

2. This Court also has admiralty jurisdiction, pursuant to 28 U.S.C. § 1333 and 9(h) of the Federal Rules of Civil Procedure.

3. Petitioner is a foreign entity with its principal place of business in Singapore.

4. Triorient LLC ("Respondent" or "Triorient") is an entity with its principal place of business in located at 76 Tokeneke Rd, Darien, CT, 06820.

**Preliminary Statement**

5.      Petitioner seeks an order confirming two partial final awards recently issued in September and November 2020, respectively, granting security in connection with claims concerning the breach of a vessel charter party for failing to provide cargo at the load port after several months of the vessel waiting adrift for loading instructions that never came to pass. The latter partial final award enjoined Respondent from transferring $2.5 million in assets until the former partial final award granted security in the form of a $2.5 million bond was posted.

6.      Petitioner obtained the partial final awards against Connecticut-based Triorient in New York arbitration proceedings (the "Final Security Awards"), pursuant to the arbitral rules in effect which explicitly allow any party to seek a partial final award for security in support of the substantive claims and other, special relief as deemed necessary by the arbitral panel, such as injunctive relief. Both Final Security Awards have been ignored by Respondent.

7.      Venue here is proper pursuant to 9 U.S.C. § 204 in that the Final Security Awards were obtained in this District pursuant to the parties' agreement to arbitrate disputes in New York and according to the Rules of the Society of Maritime Arbitrators, Inc. ("SMA").

8.      Defendant is subject to jurisdiction by its agreement to arbitrate this dispute in New York and has agreed to service of process pursuant to SMA Rule 35.  The Society of Maritime Arbitrators (SMA) Rule 35 states that:

> Wherever parties have agreed to arbitration under these Rules, they shall be deemed to have consented to service of any papers, notices or process necessary to initiate or continue an arbitration under these Rules or a court action to confirm judgment on the Award issued. Such documents may be served: (a) By mail addressed to such party or counsel at their last known address; or (b) By personal service.

**Factual Background**

9. The underlying dispute concerns a voyage charter party for the M/V LOWLANDS GREEN (the "Vessel") dated January 8, 2020 (the "Charter").

10. The Charter called for the loading of iron ore cargo in Manzanillo, Mexico for discharge in China. Triorient failed to meet its fundamental obligation to provide cargo pursuant to the charter for approximately 200 days. As a result of the breach, the parties mutually agreed to terminate the Charter so Petitioner could pursue a mitigating voyage, though Respondent never executed the termination agreement. These issues will be addressed in the substance of the New York arbitration following the posting of security.

11. Clause 32 of the Charter requires that all claims or actions under the Charter be resolved through binding arbitration pursuant to the rules and procedures of the Society of Maritime Arbitrators ("SMA"). The Charter required that arbitration take place in New York, and be governed by the general maritime law of the United States. Specifically, it stated:

> **Clause 32: US Law/New York arbitration to apply.**
>
> Any and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York before a panel of three persons, consisting of one arbitrator to be appointed by the Owner, one by the Charterer, and one by the two so chosen. The decision of any two of the three on any point or points shall be final. The arbitration shall be conducted pursuant to the Rules of the Society of Maritime Arbitrators of New York currently in effect. The applicable law shall be the general maritime law of the United States. Either party hereto may call for such arbitration by service upon the other, wherever he may be found, of a written notice specifying the name and address of the arbitrator chosen by the first moving party and a brief description of the disputes or differences which such party desires to put to arbitration. If the other party shall not, by notice served upon the first moving party within twenty days of the service of such first notice, appoint its arbitrator to arbitrate the dispute or differences specified, then the first moving party shall have the right without further notice to appoint a second arbitrator, who shall be a disinterested person with precisely the same force and effect as if said second arbitrator has been appointed by the other party. In the event that the two arbitrators fail to appoint a third arbitrator within twenty days of the appointment of the second arbitrator, the

third arbitrator shall be appointed by the President of the Society of Maritime Arbitrators of New York, and the appointment of such arbitrator shall have precisely the same force and effect as if such arbitrator had been appointed by the two arbitrators. Until such time as the arbitrators finally close the hearings either party shall have the right by written notice served on the arbitrators and on the other party to specify further disputes or differences under this Charter for hearing and determination. Awards made in pursuance to this clause may include costs, including a reasonable allowance for attorney's fees, and judgment may be entered upon any award made hereunder in any Court having jurisdiction in the premises.

12. On September 21, 2020, the Panel issued a Partial Final Award, directing Triorient to establish a bond in the amount of $2,500,000.00 with a first class surety or New York bank in favor of Cobelfret to secure Cobelfret's claims, on or before October 23, 2020 (the "First Security Award"). A true and correct copy of the First Security Award is attached to the declaration of Christopher Nolan dated November 25, 2020 ("Nolan Decl.") as **Exhibit 1**.

13. The October 23, 2020 deadline set by the Panel has now passed with no bond posted or any discussion of security by Respondent, as required by the Final Security Award.

14. On November 16, 2020, the Panel issued a Second Partial Final Award (the "Second Security Award"), enjoining Triorient from making any transfer of assets wherever located up to the amount of $2,500,000 until and unless security of $2,500,000 is provided for Cobelfret's arbitration claim as required by the First Security Award. The Second Security Award was issued with immediate effect. A true and correct copy of the Second Security Award is attached to the Nolan Decl. as **Exhibit 2**.

**WHEREFORE,** upon this Petition, the accompanying Nolan Declaration and Memorandum of Law, Cobelfret respectfully prays that this Court enter an Order confirming the Final Security Awards, entering judgement in accordance with those awards, and granting such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       November 25, 2020

                                     Respectfully submitted,

                                     By: _____
                                     Christopher R. Nolan
                                     Marie E. Larsen
                                     Clayton J. Vignocchi
                                     HOLLAND & KNIGHT LLP
                                     31 West 52nd Street
                                     New York, NY 10019
                                     Telephone:  (212) 513-3200
                                     Facsimile:  (212) 385-9010
                                     Email:  chrispher.nolan@hklaw.com
                                                  marie.larsen@hklaw.com
                                                  clayton.vignocchi@hklaw.com

                                     *Counsel for CLDN Cobelfret Pte Ltd.*

## **VERIFICATION**

State of New York       )
                        ) ss.:
County of New York      )

My name is Christopher R. Nolan.  I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.  I am a partner in the firm of Holland & Knight LLP, attorneys for the Petitioner.  I have read the foregoing Verified Petition and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.  The reason why this Verification is being made by the deponent and not by the Petitioner is that the Petitioner is a business organization with no officers or directors now within the District.  The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Petitioner and agents and/or representatives of the Petitioner.  I am authorized to make this Verification on behalf of the Petitioner.

Dated:  New York, New York
        November 25, 2020

_____
Christopher R. Nolan

Subscribed and Sworn to
Before me this 25th day of
November 2020

_____
Elvin Ramos, Notary Public, State of New York
NO. 01RA4870243
Qualified in Queens County,
Certificate filed in New York County
Commission Expires September 2, 2022

6

#79864023_v2